**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES ELMER DUNN, JR.,<br><br>            Petitioner,<br><br>      v.<br><br>KERN COUNTY SHERIFF et al.,<br><br>            Respondents. | Case No. 1:15-cv-00318-SKO-HC<br><br>ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO STATE FACTS WARRANTING HABEAS RELIEF (D0C. 1)<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPELABILITY AND DIRECTING THE CLERK TO CLOSE THE CASE |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting Petitioner's consent in a writing signed by Petitioner and filed by Petitioner on March 16, 2015 (doc. 5).  Pending before the Court is the petition, which was filed on March 4, 2015

I.   <u>Screening the Petition</u>

The Rules Governing Section 2254 Cases in the United States

1

District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).  Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

   The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d

13, 14 (9th Cir. 1971).

Petitioner alleges he is an inmate of the Kern County Jail at Lerdo pursuant to a federal judgment concerning a federal supervision violation that is pending adjudication. (Pet., doc. 1, 1.) Petitioner challenges the custodian's failure to pay for treatment for Petitioner's hepatitis, failure to provide him with eyeglasses to allow him to see, and placement of Petitioner in housing that lacks fire sprinklers or smoke alarms. (Id. at 2.) Petitioner alleges the following claims in the petition: 1) the failure to provide treatment for his hepatitis constitutes cruel and unusual punishment and a violation of his right to the equal protection of the laws; 2) denial of eyeglasses is a denial of equal protection and results in Petitioner's not being able to see well or drive; and 3) the absence of fire sprinklers and smoke alarms in the jail constitutes cruel and unusual punishment and a denial of equal protection. (Id. at 6-7.) Petitioner seeks medical treatment and to bring the jail into compliance with building codes and applicable fire and safety laws. (Id. at 8.)

II.   Conditions of Confinement

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).

Relief by way of a writ of habeas corpus extends to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) & (3). A habeas corpus action is the proper mechanism for a prisoner

to challenge the fact or duration of his confinement. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485 (1973); <u>Tucker v. Carlson</u>, 925 F.2d 330, 332 (9th Cir. 1990) (holding in a <u>Bivens</u>[1] action that a claim that time spent serving a state sentence should have been credited against a federal sentence concerned the fact or duration of confinement and should have been construed as a petition for writ of habeas corpus pursuant to § 28 U.S.C. § 2241, but to the extent the complaint sought damages for civil rights violations, it should be construed as a <u>Bivens</u> action); <u>Crawford v. Bell</u>, 599 F.2d 890, 891-892 (9th Cir. 1979) (upholding dismissal of a petition challenging conditions of confinement and noting that the writ of habeas corpus has traditionally been limited to attacks upon the legality or duration of confinement); <u>see</u>, <u>Greenhill v. Lappin</u>, 376 Fed. Appx. 757, 757-58 (9th Cir. 2010) (unpublished) (appropriate remedy for a federal prisoner's claim that relates to the conditions of his confinement is a civil rights action under <u>Bivens</u>; <u>but see</u>, <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1269 (9th Cir. 1989) (habeas corpus is available pursuant to § 2241 for claims concerning denial of good time credits from subjection to greater restrictions of liberty, such as disciplinary segregation, without due process of law); <u>Cardenas v. Adler</u>, 2010 WL 2180378 (No.1:09-cv-00831-AWI-JLT-HC, May 28, 2010) (a petitioner's challenge to the constitutionality of the sanction of disciplinary segregation and his claim that the disciplinary proceedings were the product of retaliation by prison staff were cognizable in a habeas proceeding pursuant to § 2241).

---

[1] The reference is to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

4

In this district, claims concerning various prison conditions brought pursuant to § 2241 have been dismissed for lack of subject matter jurisdiction with indications that an action pursuant to Bivens is appropriate.  See, e.g., Dyson v. Rios, 2010 WL 3516358, *3 (E.D.Cal. Sept. 2, 2010) (claim challenging placement in a special management housing unit in connection with a disciplinary violation); Burnette v. Smith, 2009 WL 667199 at *1 (E.D.Cal. Mar. 13, 2009) (petition seeking a transfer and prevention of retaliation by prison staff); Evans v. U.S. Penitentiary, 2007 WL 4212339 at *1 (E.D.Cal. Nov. 27, 2007) (claims brought pursuant to § 2241 regarding a transfer and inadequate medical care).

Here, Petitioner's claims concern conditions of confinement that do not bear on the legality or duration of his confinement. Because these claims relate solely to the conditions of his confinement, Petitioner has not stated facts that would warrant habeas relief in this proceeding, and the Court lacks habeas corpus jurisdiction over Petitioner's claims pursuant to § 2241.

III.  Remedy

Although the Court lacks habeas corpus jurisdiction over the claims concerning conditions of confinement, the Court could construe Petitioner's claims as a civil rights complaint brought pursuant to Bivens.  See, Wilwording v. Swenson, 404 U.S. 249, 251 (1971).  However, the Court declines to construe the petition as a civil rights complaint because of differences in the procedures undertaken in habeas proceedings and civil rights actions.

First, if the petition were converted to a civil rights complaint, Petitioner would be obligated to pay the $350 filing fee for a civil action, whether in full or through withdrawals from his

prison trust account in accordance with the availability of funds. 28 U.S.C. §§ 1914, 1915(b). The dismissal of this action at the pleading stage would not terminate Petitioner's duty to pay the $350 filing fee. Here, the petition was not accompanied by the $350 filing fee or an authorization by Petitioner to have the $350 filing fee deducted from his trust account pursuant to 28 U.S.C. § 1915(b).

Further, 42 U.S.C. § 1997e(a) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This provision requires exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). Here, it is unclear whether Petitioner has exhausted any administrative remedies.

Petitioner has also failed to identify the capacity in which the named respondent would be sued for purposes of a civil rights claim, which is critical to the issue of sovereign immunity. In addition, if the petition were converted to a civil rights complaint, the Court would be obligated to screen it pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995. 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). It is not clear that all of Petitioner's allegations state civil rights claims. If the pleading ultimately were dismissed for failure to state a claim upon which relief may be granted, such a dismissal could count as a "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g) and any future civil rights action he might bring.

Based on the foregoing, the petition will be dismissed without prejudice so Petitioner may determine whether or not he wishes to raise his present claims through a properly submitted civil rights complaint.

### IV.  Certificate of Appealability

In an abundance of caution, the Court will consider whether Petitioner is entitled to a certificate of appealability.

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Habeas Rule 11(a).

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court will decline to issue a certificate of appealability.

V.   Order

Based on the foregoing, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED without prejudice for Petitioner's failure to state facts entitling him to habeas corpus relief;

2) The Court DECLINES to issue a certificate of appealability; and

3) The Clerk is DIRECTED to close the action because the dismissal terminates it in its entirety.

IT IS SO ORDERED.

Dated:   **April 8, 2015**               /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE